UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEVIN CLAERHOUT,

    Plaintiff,                                Case No. 18-12556
                                              Honorable Thomas L. Ludington

v.

NEXTEER AUTOMOTIVE CORP.,

    Defendant.
_____/

**<u>ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION TO DISMISS</u>**

On August 16, 2018, Plaintiff Kevin Claerhout filed a complaint alleging that his former employer, Nexteer Automotive, violated portions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001 et seq. Pretrial matters were referred to Magistrate Judge Patricia T. Morris. ECF No. 3. Defendant moved to dismiss on September 18, 2018. ECF No. 5. Plaintiff responded, and Defendant replied. ECF Nos. 10, 11. On February 20, 2019, Judge Morris issued a report recommending that the motion to dismiss be denied. ECF No. 12. Defendant filed objections on March 6, to which Plaintiff responded on March 26, and Defendant replied on April 2. ECF Nos. 13, 16, 17.

**I**.

When addressing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court is to accept all of Plaintiff's factual allegations as true. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). Accordingly, the relevant facts are derived from Plaintiff's complaint.

Plaintiff was employed with Defendant from July 31, 2006 through September 6, 2017. Plaintiff alleges that MetLife is the plan administrator for the relevant ERISA plan. Plaintiff

alleges that Defendant, as a fiduciary, breached its duty to Plaintiff "by refusing to comply with the directives and conclusions reached by its plan administrator, i.e., MetLife." ECF No. 1 at Page ID.3. The breach of duty occurred after "MetLife concluded that Plaintiff was entitled to short term disability monetary benefits up to November 28, 2017" yet "Defendant subsequently refused to forward said benefits to Plaintiff for the time period granted by MetLife." *Id.* at PageID.2. Plaintiff's complaint attaches a letter from MetLife dated February 16, 2018, wherein MetLife states that Plaintiff's claim was "extended through November 28, 2017, and then closed." *Id.* at PageID.7. The letter also states that "[w]e have determined that we are unable to extend your disability claim as of November 28, 2017. Our information indicates you do not meet the medical requirements as described in the [Short term disability employer's] Plan." *Id.* The letter also asks Plaintiff to submit "documentation that would support your disability" "[f]or further consideration of your claim" and the letter indicates that "there is an outstanding overpayment balance on your claim" and asks Plaintiff to contact his employer "regarding your overpayment balance." *Id.*

The complaint also attaches a letter from Defendant to Plaintiff's counsel dated March 28, 2018, wherein Defendant states that Defendant "has no unfulfilled short-term disability payment obligations that are owed to your client. Additionally, because Nexteer's plan documents regarding short-term and long-term disability are proprietary documents linked to our collective bargaining agreement (also proprietary in nature), Nexteer will not release the short-term or long-term disability plans to you." *Id.* at PageID.9. The letter went on to say that "Nexteer will work with MetLife to provide your client, Mr. Claerhout, a retraction of the unfortunate and erroneous benefit notification letter sent February 2018. Same will explain that your client is **not** entitled to any short-term disability benefits after his September 6, 2017 job

termination date." *Id*. (emphasis in original). Plaintiff seeks damages "in [the] form of short term disability benefits that are past due along with benefits which are currently due along with those due into the future" as well as interest and attorney's fees and costs, citing 29 U.S.C. § 1132(g)(1).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc*., 108 F.3d 1546, 1554 (6th Cir. 1997) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)). This Circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co*., 108 F.3d 86, 89 (6th Cir. 1997) (quoting Venture Assoc. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Indus.– Knoxville, Inc*., 107 F.3d 443, 445 (6th Cir. 1997) (finding that the consideration of other materials that "simply filled in the contours and details of the plaintiff's [second amended] complaint, and added nothing new," did not convert the motion to dismiss into a motion for summary judgment).

Accordingly, the court may consider the plan document and notification letters showing the application of plan terms to the instant Plaintiff without converting the motion to a summary judgment motion. *Luckett v. Sprint Communications, Inc*., No. 3:16—CV00700, 2017 WL 1856178, at *3, n.1 (W.D. Ky. May 8, 2017) ("In ruling upon [the employer's] motion to dismiss, the Court may consider both the plan documents and [plaintiff's] release agreement" as "part of the pleadings because they are referenced in [plaintiff's] complaint and are central to her

claims.").

Attached to Defendant's motion to dismiss are two exhibits: (1) a declaration by Connie Lafferty, the Benefits Director at Nexteer; and (2) one page of the plan addressing long-term and short-term disability benefits. In the declaration, Ms. Lafferty states that Nexteer "pays for sickness and accident benefits" and that "Nexteer's short-term disability plan is part of a collective bargaining agreement [CBA] between Nexteer and the United Automobile, Aerospace and Agricultural Implement Workers of America [UAW] Local 699." ECF No. 5 at PageID.34. Ms. Lafferty also assures that a "true and accurate copy of the portion of Article XVII of the collective bargaining agreement dated December 18, 2015, that addresses disability benefits is attached to this Declaration as Exhibit 1." *Id.* at PageID 34, 36. Ms. Lafferty also states that "Nexteer's short-term disability plan is an unfunded plan paid out of the general assets of Nexteer[.]" *Id.* at PageID.34.

Attached to Plaintiff's response brief is a 401(k) document which refers to short-term and long-term disability benefits and states that "MetLife is the Nexteer disability provider[,]" it directs the employee to "contact MetLife to file a disability leave of absence" and commits that "MetLife will work with you and your provider to verify eligibility for your disability leave." *Id.* at PageID.63. The employee is also directed to "contact MetLife and clear through the Nexteer Medical Department on your return to work." *Id.*

Plaintiff also attaches a letter from MetLife to Plaintiff dated November 15, 2016, wherein MetLife states that "[w]e have determined that we are unable to extend your disability claim as of November 1, 2016" because "[o]ur information indicates you do not meet the medical requirements as described in your Plan." *Id.* at PageID.66. The letter further explained that "the medical information failed to support that you were unable to perform your occupation

beyond October 31, 2016 . . . therefore benefits have been terminated." *Id.* This November 15, 2016 letter from MetLife describes the appeal process and indicates that

> if we deny your appeal (in whole or in part), you have the right to bring a civil action under 29 U.S.C. 1132 section 502A of the Employee Retirement Income Security Act (ERISA) of 1974. Your plan, however, may limit the amount of time you have to file this civil action. Refer to your plan document(s) for further information. *Id.* PageID.68.

In a letter dated December 12, 2016, from MetLife to Plaintiff, MetLife states that "we received new information related to your Short-Term Disability (STD) claim" and "[a]s a result, we have extended your disability payments through December 12, 2016." *Id.* at PageID.69. A series of five additional letters were sent from MetLife to Plaintiff, continually extending Plaintiff's disability payments based on receipt of new information. Finally, a letter dated February 16, 2018, from MetLife to Plaintiff states that "[w]e have received new information related to your Short Term Disability (STD) claim under your employer's plan (the Plan)" and "[w]e have determined that we are unable to extend your disability claim as of November 28, 2017. Our information indicates you do not meet the medical requirements as described in the Plan." *Id.* at PageID.64, 81. The letter also states that "Medical provides a severity of symptoms to preclude you from work from September 5, 2017 through the office visit on November 28, 2017" and that Plaintiff's "claim was extended through November 28, 2017, and then closed." *Id.*

Plaintiff's counsel's affidavit, by Russell Babcock, attests that "Defendant has refused a request which has been made for the plan documents leaving my client to rely upon the written representations he received from Defendant's representative, i.e. MetLife" and that "in order to further address Defendant's arguments, my client requires discovery so that the specifics regarding the disability plan and the collective bargaining agreement can be ascertained along

with the circumstances surrounding said plan and the administrative file can be ascertained." *Id.* at PageID.83-84.

## II.

Defendant contends that it is entitled to dismissal because the ERISA provision on which Plaintiff's complaint is based does not authorize this action since 29 U.S.C. § 1132(a)(3) only authorizes equitable relief yet Plaintiff seeks damages in the form of a "short-term disability benefits that are past due, currently due, or will be due in the future, as well as interest and attorney fees." ECF No. 5 at PageID.26-27. Defendant also argues that it is entitled to dismissal because Nexteer's short term disability plan is not an ERISA plan but instead is a payroll practice plan under 29 C.F.R. §2510.3-1(b)(2). *Id.* at PageID.27-30.

Plaintiff responds that MetLife is the plan's short-term disability carrier and that Defendant Nexteer was entrusted to distribute short-term disability benefits granted by MetLife and, therefore, that Defendant is a fiduciary of certain employee short-term disability plans at issue in this case under ERISA. ECF No. 10 at PageID.44. Plaintiff notes that this action arises out of Defendant's "failure to pay certain disability benefit amounts [for] which MetLife deemed Plaintiff eligible." ECF No. 10 at PageID.45. Plaintiff argues that contrary to Defendant's assertions, Plaintiff's complaint seeks, in part, equitable relief because the prayer for relief requests "all other legal and equitable relief." *Id.* at PageID.51. Plaintiff also contends that a recent Supreme Court decision, *CIGNA Corp. v. Amara*, 563 U.S. 421 (2011), and its progeny have "open[ed] the possibility that compensatory damages [are] recoverable from a fiduciary under § 1132(a)(3)." *Id.* at PageID.51-52. Plaintiff also argues that his claim is covered by ERISA although Defendant "has refused to divulge the plan at issue" despite Plaintiff's requests to discover the plan. Plaintiff also argues that the employer's characterization of a plan is not

controlling. *Id.* at PageID.52-56.

Defendant replies that the section of ERISA relied on by Plaintiff provides only for equitable relief. ECF No. 11 at PageID.86-89. Defendant also contends that its short-term disability plan is not an ERISA plan and that discovery will not reveal a genuine issue of material fact; thus, dismissal is appropriate. ECF No. 10 at PageID.89-92.

In her report and recommendation, Judge Morris concluded that the task of determining whether the STD plan is an ERISA plan requires a fact intensive inquiry not suited for resolution on a motion to dismiss. Judge Morris recognized that some district courts have found that an affidavit from an employer's benefits manager is sufficient to establish that the plan is a payroll practice and not an ERISA plan. R&R at 15. Nevertheless, Judge Morris concluded that there is ambiguity in this case regarding the operation and funding source for the plan, and the relationship between MetLife and Nexteer. *Id.* at 17. Judge Morris underscored the fact that correspondence from MetLife contained language which implied that the plan was an ERISA plan.

Judge Morris also recognized that, although 29 U.S.C. 1132(g)(1) limits recovery to equitable relief, the Supreme Court recognized in *CIGNA CORP. v. Amara* that if the plaintiff could establish that the defendant breached a fiduciary duty by misrepresentation, then the plaintiff could recover compensatory damages for that breach under 29 U.S.C. § 1132(a)(3). Accordingly, Judge Morris recommended that the Court deny Defendant's motion to dismiss.

### III.

### A.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must

be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them and runs contrary to the purposes of the Magistrate's Act." *Id*.

**B.**

**i)**

"[T]he existence of an ERISA plan is a non-jurisdictional element of Plaintiffs' ERISA

claim." *Daft v. Advest*, 658 F.3d 583, 587 (6th Cir. 2011). Under ERISA, an employee welfare benefit plan is defined as:

> any plan, fund, or program which has heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise benefits in the event of sickness, accident, disability, death or unemployment.

29 U.S.C. § 1002(1).

"The existence of an ERISA plan is a question of fact, to be answered in light of all the surrounding circumstances and facts from the point of view of a reasonable person." *Thompson v. American Home Assurance Co.*, 95 F.3d 429, 434 (6th Cir. 1996) (collecting cases), cited with approval in *Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 478 (6th Cir. 2007). Although a question of fact, it is one for the court to decide, not the jury. *Moorman v. UnumProvident Corp.*, 464 F.3d 1260, 1266 (11th Cir. 2006). "[M]ere labeling by a plan sponsor or administrator is not determinative on whether a plan is governed by ERISA." *Langley*, 502 F.3d at 481 (concluding plan was not an ERISA plan where company did not treat the plan as an ERISA plan in its filings with the federal government and where there was no evidence that the company partially funded benefits from a source other than general assets and finding the fact that "the company used the same notice requirements for the initial denial of DAP benefits as it did for ERISA governed benefits [of] negligible import here").

"In general, courts apply a three-part test to determine whether ERISA covers a particular plan or practice": (1) first, does a "safe harbor" exception apply; (2) if not, do "the surrounding circumstances" suggest that "a reasonable person could ascertain the intended benefits, the class of beneficiaries, the source of financing, and the procedures for receiving benefits", and (3) has "the employer established or maintained the plan with the intent of

providing benefits to its employees." *Langley*, 502 F.3d at 479 (quoting *Thompson*, 95 F.3d at 434).

Under the payroll practice exemption which Defendant contends controls in this case, employee welfare benefit plans shall not include:

> (2) Payment of an employee's normal compensation, out of the employer's general assets, on account of periods of time during which the employee is physically or mentally unable to perform his or her duties, or is otherwise absent for medical reasons (such as pregnancy, a physical examination or psychiatric treatment)
>
> 29 C.F.R. §2510-3.1(b).

### ii)

ERISA provides that a civil action may be brought by a participant to enjoin any act or practice which violates ERISA or the terms of the plan, to obtain other appropriate equitable relief to redress such violations, or to enforce any provisions of ERISA or the terms of the plan. 29 U.S.C. § 1132(a)(3). The Supreme Court has recognized the possibility of an equitable remedy, such as surcharge, under ERISA for breaches of fiduciary obligations by plan administrators. *Cigna Corp. v. Amara*, 563 U.S. 421 (2011) (award of make-whole relief in the form of surcharge is within the scope of "appropriate equitable relief" for purposes of § 1132(a)(3)); *Silva v. Metropolitan Life Ins. Co.*, 762 F.3d 711, 722 (8th Cir. 2014).

As noted in a recent district court opinion, the law has been somewhat unsettled as to what extent "appropriate equitable relief" can include compensatory damages such as Plaintiff seeks. *See Van Loo v. Cajun Operating Co.*, 264 F. Supp. 3d 1007, 1024-26 (E.D. Mich. 2014). Citing *Amara* and cases since *Amara*, the *Van Loo* court found that if the plaintiff could establish that the defendant breached a fiduciary duty by misrepresentation, then the plaintiff could recover compensatory damages for that breach under 29 U.S.C. § 1132(a)(3). In *Teisman v.*

*United of Omaha Life Ins. Co.*, 908 F.Supp.2d 875, 880 (W.D. Mich. 2012), the court, citing Amara, found that when a fiduciary is involved, compensatory relief is a "typical equitable remedy" available under 29 U.S.C. § 1132(a)(3). The *Teisman* court found, therefore, that ERISA authorized the make-whole equitable relief sought by the plaintiff in that case. *Id*

**IV.**

Defendant raises three objections to Judge Morris's report and recommendation.

**A.**

Defendant's first objection reads: "The Magistrate Judge improperly placed the burden of demonstrating whether Nexteer's short-term disability plan is an employee welfare benefit plan under ERISA on Nexteer." Obj. at 5. Judge Morris stated that "The burden of proof rests with the defendants to show that a plan is exempt from any provisions of ERISA." R&R at 11. Defendant contends that the cases cited by Judge Morris in support of that proposition are inapposite, in that they addressed exceptions for plans (such as qualified "top-hat" plans) which otherwise fall under ERISA but which are "not required to comply with the substantive protections otherwise applicable to ERISA [plans]." Obj. at 5 (quoting *Daft v. Advest, Inc.*, 658 F.3d 583, 594 (6th Cir. 2011)). In other words, Defendant argues that if the existence of an ERISA plan has already been established (as was the case in *Daft*), Defendant *then* bears the burden of establishing the applicability of any exception. Defendant argues that the existence of an ERISA plan has not yet been established in this case, however, and that Plaintiff bears the burden of doing so.

Assuming for the sake of argument that Defendant is correct, this still does not warrant dismissal at the pleading stage. The existence of an ERISA plan is indeed an element of the Plaintiff's ERISA claim. *Daft v. Advest*, 658 F.3d 583, 587 (6th Cir. 2011). However, Defendant offers no case law (and minimal analysis) addressing the sufficiency of Plaintiff's allegations.

That is, how must a Plaintiff *plead* the existence of an ERISA plan to survive a 12(b)(6) motion? Defendant does not argue that Plaintiff's allegations as to the existence of an ERISA plan are conclusory or otherwise insufficient. Rather, Defendant's contention is that Plaintiff's allegations are unsupported, i.e. that Plaintiff has "not established" the existence of an ERISA plan. Defendant is addressing the sufficiency of the evidence, not the sufficiency of the allegations.[1] The former inquiry is more appropriately suited to a summary judgment motion with the benefit of a full evidentiary record.[1] Accordingly, the objection will be overruled.

**B.**

Next, Defendant argues that "The Magistrate Judge erred in suggesting that the evidence Nexteer presented was insufficient to demonstrate that Nexteer's short-term disability plan is not an ERISA plan." Obj. at 7. Defendant repeatedly contends that "Nexteer has provided *undisputed* evidence showing that its short-term disability plan is not an employee welfare benefit plan under ERISA, and no further factual development would allow Plaintiff to carry his burden to show otherwise." *Id.* (emphasis added). The "undisputed" evidence that Defendant is referring to is the declaration of Defendant's benefits manager, Ms. Lafferty, which states that the short-term disability plan is un-funded and the plan is paid out of Nexteer's general assets. Lafferty Decl. ¶ 5, ECF No. 5-1. Defendant contends that this fits squarely within the definition of a payroll practice.

Defendant's contention that the STD plan is not an ERISA plan is in dispute. Indeed, as

---

[1] The fact that Defendant's motion requests summary judgment in the alternative does not change the analysis. Although Defendant technically may *seek* summary judgment this early in the proceedings, the Court has no obligation to award summary judgment prior to discovery if a full evidentiary record might help flesh out Plaintiff's claims. See Fed. R. Civ. P. 56(b) ("unless a different time is set by local rule *or the court orders otherwise*, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery). (emphasis added). As will be explained below, the evidentiary record is insufficient to justify awarding summary judgment at this stage.

- 12 -

Judge Morris noted, the correspondence MetLife sent to Plaintiff concerning his claim contained the following statement: "If we deny your appeal (in whole or in part), you have the right to bring a civil action under 29 U.S.C. 1132 Section 502A of the Employee Retirement Income Security Act (ERISA) of 1974." ECF No. 10-5. Clearly, MetLife was under the impression that the STD plan is governed by ERISA, which undermines Defendant's contention that the STD plan is an unfunded plan paid out of its general assets. Defendant cites *Langley* for the proposition that "mere labeling by a plan sponsor or administrator is not *determinative* on whether a plan is governed by ERISA." Obj. at 9 (quoting *Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 481 (6th Cir. 2007) (emphasis added). Although that is true, Plaintiff need not identify evidence that is "determinative" in order to survive dismissal.

Defendant's reliance on *Langley* is misplaced for another reason. Reviewing the district court's order entering summary judgment for defendant, the court noted that "Langley does not dispute that DaimlerChrysler made DAP payments entirely out of its general assets." Defendant contends that the same is true here. However, Defendant appears to be using the word "dispute" in a different sense than the *Langley* court. The *Langley* court was not addressing the sufficiency of the plaintiff's evidence as to the funding source for the plan. Rather, it appears that the plaintiff had conceded the fact that the plan was funded out of DaimlerChrysler's general assets, and the plaintiff did not seek to present any evidence to the contrary. Here, by contrast, Plaintiff has not conceded this fact, and would like to review the relevant plan documents to determine the veracity of Ms. Lafferty's testimony as to the plan's funding source.

Plaintiff contends that Defendant has refused to produce the plan documents. Defendant contends that this is false, as it "has included the portion of the collective bargaining agreement containing the short-term disability plan." Obj. at 12. The document to which Defendant refers is

a one-page document which explains how disability leave and pay rate are calculated. ECF No. 5-1. The document says nothing about the funding source for the plan. Defendant also contends that a party opposing a rule 56 motion has "no absolute right to *additional* discovery" nor has Plaintiff justified its request for "*more* time" for discovery. Reply at 6, ECF No. 11 (emphasis added). However, no scheduling order has been issued, as Defendant moved to dismiss in lieu of answering the complaint. The court ordered discovery period has not yet been established. Thus, Defendant's reference to "additional discovery," or "more time" is out of place. Defendant also contends that discovery will not reveal a genuine issue of material fact regarding the plan's funding source. Defendant's self-serving speculation about what will or will not be revealed in discovery is not helpful nor does it entitle Defendant to dismissal.

Here, MetLife's correspondence to Plaintiff regarding his claim contained a reference to Plaintiff's rights under ERISA, which suggests that MetLife believed the plan to be governed by ERISA. Perhaps, as Defendant contends, this was stock language which was erroneously included in the forms MetLife sent to Plaintiff. Perhaps not. This can be explored during discovery. Moreover, Plaintiff has had no opportunity to obtain plan documents or other relevant discovery to rebut Ms. Lafferty's declaration regarding the plan's funding source. Accordingly, Defendant is not entitled to dismissal, and Defendant's objections will be overruled.

## C.

Finally, Defendant argues that "The Magistrate Judge erred in suggesting that the ERISA provision on which Plaintiff's complaint is based authorizes this action." Obj. at 14. Defendant argues that "by its terms, [§ 1132(a)(3)] only allows for equitable relief," and where a plaintiff's action is for legal relief, it is not authorized under § 1132(a)(3). *Id.* (quoting *Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 221 (2002). Defendant acknowledges, as Judge

Morris did, "that the Supreme Court, in *CIGNA Corp. v. Amara*, 563 U.S. 421, 441 (2011), recognized the possibility of an equitable remedy, such as surcharge, under ERISA for breaches of fiduciary obligations by plan administrators." *Id.* at 15.

Defendant further acknowledges that "Following Amara, some courts—including this Court in *Van Loo v. Cajun Operating Co*., cited by the Magistrate Judge—have found that a plaintiff who demonstrates a *breach of fiduciary duty* may recover compensatory damages for the breach if necessary to make the plaintiff whole." *Id.* (citing *Van Loo*, 64 F. Supp. 3d 1007, 1026 (E.D. Mich. 2014) (finding that "[i]f Plaintiffs can establish that [defendant] breached a fiduciary duty," plaintiffs could "recover compensatory damages from [defendant] for this breach under § 1132(a)(3)." (emphasis added)). However, Defendant argues that "Plaintiff's complaint does not assert a claim for breach of fiduciary duty and damages based on that breach." To the contrary, paragraph twelve of the complaint alleges "that the Defendant has breached its fiduciary duty to the Plaintiff by refusing to comply with the directives and conclusions reached by its plan administrator, i.e. MetLife."

Defendant appears to be arguing that Plaintiff improperly seeks damages arising not from the alleged breach of fiduciary duty, but rather from the denial of benefits under the STD plan. However, according to Plaintiff, the denial of the benefits *is* the conduct that constituted a breach of Defendant's fiduciary duty. If Defendant's implicit argument is that the denial of benefits is not the type of conduct that can constitute a breach of a fiduciary duty so as to justify compensatory damages, the argument is not clearly expressed. Moreover, Plaintiff's complaint seeks legal and equitable relief. Even if Defendant is ultimately correct that Plaintiff can only obtain equitable relief, and not legal relief, this is not a reason to dismiss the complaint. Accordingly, the Defendant's third objection will be overruled.

**V.**

Accordingly, it is **ORDERED** that Defendant's objections, ECF No. 13, are **OVERRULED**.

It is further **ORDERED** that the report and recommendation, ECF No. 12, is **ADOPTED**.

It is further **ORDERED** that Defendant's motion to dismiss, ECF No. 5, is **DENIED**.

                                         s/Thomas L. Ludington
                                         THOMAS L. LUDINGTON
                                         United States District Judge

Dated: April 23, 2019